[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1243

MARITIMES & NORTHEAST PIPELINE, L.L.C.,

Plaintiff, Appellee,

v.

1.43 ACRES OF LAND IN THE TOWN OF LISBON, COUNTY OF
ANDROSCOGGIN, STATE OF MAINE,

Defendant,

DAVID MOCKLER,

Defendant, Appellant,

LAWRENCE B. STEWART; CLAUDETTE STEWART;
NORMAND J. VALLEE; STATE OF MAINE,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

_____

    <u>David Mockler</u> on brief pro se.

    <u>James T. Kilbreth</u>, <u>Juliet T. Browne</u>, <u>Hope K. Creal</u> and <u>Verrill & Dana, LLP</u> on brief for appellee Maritimes & Northeast Pipeline, L.L.C.

_____

December 29, 2000

_____

**Per Curiam**. Following a one-day bench trial, the district court upheld the validity of a grant of easement which afforded the appellee pipeline company a right-of-way across appellant Mockler's property to construct and maintain a natural gas pipeline. Mockler now appeals, raising two assignments of error. As we find neither persuasive, we summarily affirm.

Mockler first argues that his charge of fraud was impermissibly rejected. The district court found, contrary to Mockler's assertions, that appellee had not misrepresented the pipeline's location to him in the course of negotiating the easement and, further, that a revised route had been properly approved by the government prior to that time. "In reviewing factual findings, this court applies the clear-error standard of review," Vinick v. United States, 205 F.3d 1, 6 (1st Cir. 2000), under which we accept the lower court's findings unless we are "left with the definite and firm conviction that a mistake has been committed," Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Our review of the record

-3-

reveals no such mistake. Mockler's own witnesses (two neighboring landowners) belied any suggestion that appellee's "land agent" was purveying false information. And appellee's evidence concerning the approval of "Reroute 63-D" went entirely unrebutted. There was no clear error.[1]

Mockler also contends that he was denied his Seventh Amendment right to a trial by jury. Yet he has not even attempted to explain how this case--a diversity action seeking a declaratory judgment as to the validity of an easement--might involve "rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity." Pernell v. Southall Realty, 416 U.S. 363, 375 (1974). The argument not only is without merit but also has been waived--whether because of the lack of "developed argumentation" on appeal, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), or because of the lack of objection below, see, e.g., 8 Moore's Federal Practice §§ 38.52[4], 39.13[1][c] (3d ed. 2000).

Affirmed. See Loc. R. 27(c).

---

[1] Even if a misrepresentation had occurred, we fail to see how Mockler could establish justifiable reliance thereon, in light of his admitted failure to read the contract or to review the accompanying diagram which accurately depicted the pipeline's route across his property. See, e.g., Francis v. Stinson, 760 A.2d 209, 217-18 (Me. 2000).